69 F.3d 548
 76 A.F.T.R.2d 95-7476, 96-1 USTC P 50,081
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David A. NUTTLE; and Karen M. Nuttle, Plaintiffs-Appellants,
v.
INTERNAL REVENUE SERVICE, Commissioner; Carole Miller, IRS
Chief, Collection Branch, Bensalem, PA; C.A.
Moore, Problem Resolution Officer,
Richmond, VA, Defendants-Appellees.
 No. 95-2089.
 United States Court of Appeals, Tenth Circuit.
 Nov. 2, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 David and Karen Nuttle (Mr. and Mrs. Nuttle) are pro se litigants who sued the Internal Revenue Service seeking to enjoin the Internal Revenue Service from collecting taxes and further seeking damages for unauthorized collection activities. The trial court resolved the issues against Mr. and Mrs. Nuttle and they appeal. We affirm.
 
 
 3
 * The trial court concluded it lacked subject matter jurisdiction to restrain the Internal Revenue Service from collecting taxes. It based this decision upon the Anti Injunction Act which provides, in part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. 7421(a)
 
 
 4
 Mr. and Mrs. Nuttle contend the case law provides that a judge does have the power "to stop any IRS collection effort--provided that the taxpayer establish that he or she would suffer irreparable injury and ... it is clear that under no circumstances could the government ultimately prevail." See Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962). The underlying factual basis for Mr. and Mrs. Nuttle's claim was that the tax court in two separate suits, had decided the amount of taxes owed by them. Mr. and Mrs. Nuttle believe the tax court reached the wrong result in each of these two suits and brought this action to restrain the collection of these judicially determined taxes.
 
 
 5
 We are not persuaded by Mr. and Mrs. Nuttle's argument. The proper remedy for Mr. and Mrs. Nuttle was to post an appeal bond in each of their two suits in tax court. This they failed to do notwithstanding the fact they appealed both of these decisions to the United States Court of Appeals for the Fourth Circuit. The exception to the Anti-Injunction Act claimed by Mr. and Mrs. Nuttle is not applicable to the facts of this case. The trial court correctly concluded Mr. and Mrs. Nuttle failed to show "that under no circumstances could the Government ultimately prevail." Enochs, 370 U.S. at 7. In fact, one of the tax court decisions has already been affirmed on appeal by the Fourth Circuit.
 
 II
 
 6
 Mr. and Mrs. Nuttle also sought damages on the ground the Internal Revenue Service had acted "recklessly" or with "intentional[ ] disregard[ ]" for the law in its efforts to collect taxes from them. See 26 U.S.C. 7433. The factual basis of this claim is that while both of their tax court appeals were pending before the Fourth Circuit, the taxpayers submitted to the IRS a Form 911 "Application for Taxpayer Assistance Order" asserting they had "been financially destroyed by [the] I.R.S. without due process of law." Under 26 U.S.C. 7811 the ombudsman may issue such an order if the taxpayer is suffering a sufficient hardship. The gist of the taxpayers' claim was that the IRS wrongfully refused them the authorized hardship relief. Stated differently, the taxpayers asserted the IRS should have granted them relief by halting activity to collect the taxes owed.
 
 
 7
 The trial court granted defendant summary judgment on this claim of unauthorized collection activity. The basis of the trial court's ruling was that the Government had "sufficiently shown an absence of evidence supporting (taxpayers') case." In short, the trial court concluded the evidence presented failed to support Mr. and Mrs. Nuttle's claim that they met the criteria for hardship relief.
 
 
 8
 26 U.S.C. 7811 provides that upon application filed by a taxpayer with the Office of Ombudsman, "the Ombudsman may issue a Taxpayer Assistance Order if, in the determination of the Ombudsman, the taxpayer is suffering or about to suffer a significant hardship as a result of the manner in which the internal revenue laws are being administered." This statute gives to the ombudsman a measure of discretion as the statute provides for action "in the determination of the Ombudsman."
 
 
 9
 In making this determination, the ombudsman may consider, among other things: "Will the taxpayer be able to retain housing; [w]ill the taxpayer be able to obtain food for self and/or family; [w]ill the taxpayer be able to retain utilities for his/her residence; [and][w]ill the taxpayer be able to retain or obtain transportation to and from work?" Internal Revenue Manual Chapter (10)30.
 
 
 10
 In the case before us, the taxpayers provided the ombudsman with no facts concerning the claimed hardship and only argumentative conclusions, notwithstanding the fact that Treasury Regulation 301.7811-1(b) requires the application to contain, inter alia, a description of the specific hardship caused or about to be caused. We quote the following excerpts from the application, simply to illustrate what was placed before the ombudsman:
 
 
 11
 Hardship: David A. & Karen M. Nuttle have already been financially destroyed by IRS without due process of law. IRS now seeks to remove all means of survival for said persons.
 
 
 12
 ....
 
 
 13
 The statute of limitations appears to have expired.
 
 
 14
 IRS made a series of procedural errors.... IRS then allowed Mr. Fish to fabricate subject tax claim....
 
 
 15
 Efforts to resolve the subject tax due problems continue via the U.S. Court of Appeals for the Fourth Circuit....
 
 
 16
 Karen M. Nuttle is an innocent spouse....
 
 
 17
 The ... levy will create "economic hardships" to the undersigned, due to illegal actions by IRS....
 
 
 18
 Based upon the above facts, the ombudsman did not act "recklessly" or "intentionally disregard[ ]" the law within the meaning of 26 U.S.C. 7433 in denying the hardship application. It was the obligation of Mr. and Mrs. Nuttle to provide facts to the IRS that would justify and permit the IRS to determine the hardship faced. They failed to do so.
 
 
 19
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470